**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

| | |
|---|---|
| **KETTLER INTERNATIONAL, INC.** ) <br> ) <br> **Plaintiff,** ) <br> ) <br> v. ) <br> ) <br> **THE LITTLE TIKES COMPANY, INC.** ) <br> **Serve: CT Corporation System** ) <br>   **4400 Easton Commons Way Suite 125** ) <br>   **Columbus OH 43219** ) <br> ) <br> **and** ) <br> ) <br> **MGA ENTERTAINMENT INC.,** ) <br> **Serve: Registered Agent: Isaac Larian** ) <br>   **9220 Winnetka Avenue** ) <br>   **Chatsworth, CA 91311** ) <br> ) <br> **Defendants.** ) <br> ) | **Civil Action No. _____** <br><br> **JURY TRIAL DEMANDED** |

**COMPLAINT**

Plaintiff KETTLER INTERNATIONAL, INC. ("KETTLER Int." and/or "Plaintiff") submits this Complaint against Defendants The Little Tikes Company, Inc. ("Little Tikes") and MGA Entertainment Inc. ("MGA") (collectively, Little Tikes and MGA are referred to herein as "Defendants").

**THE PARTIES**

1. KETTLER Int. is a corporation established under the laws of the Commonwealth of Virginia, with its principal place of business at 1355 London Bridge Road, Virginia Beach, Virginia 23453.

2. Little Tikes is a manufacturer of children's toys and, upon information and belief, is a corporation organized and existing under the laws of Ohio, with a place of business at 2180

Barlow Road, Hudson, Ohio 44236. Upon information and belief, Little Tikes also has other manufacturing, sourcing and distribution facilities in Asia and Europe and is a wholly owned subsidiary of MGA.

3. MGA is, upon information and belief, a corporation that is organized and existing under the laws of California, with a place of business at 9220 Winnetka Avenue, Chatsworth, CA 91311. Upon information and belief, MGA is importing the infringing products into, as well as marketing and selling the products within, the United States.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this controversy pursuant to 28 U.S.C. §§ 1331, 1332 and 1338.

5. This Court can properly exercise personal jurisdiction over the Defendants because, upon information and belief, the Defendants and their agents do substantial business in, and have sold, continue to sell, market, continue to market and/or import infringing devices into the Commonwealth of Virginia, at a minimum for use, marketing and sale through multiple channels of distribution, including chain retailers, specialty and hobby wholesalers and retailers, including but not limited to by various stores located in Virginia, including in Norfolk.

6. Venue for the present action properly lies against Defendants in this District and Division pursuant to 28 U.S.C. §§ 1391(c).

## BACKGROUND

**A. Kettler Int. Maintains Several Patents Related to Children's "Ride-On" Vehicles Bought and Sold in the U.S.**

7. This action is based upon Defendants' unauthorized appropriation and use of KETTLER Int.'s patented technology.

8. KETTLER GMBH, formerly known as HEINZ KETTLER GMBH & CO., KG ("KETTLER") formerly manufactured, among other things, numerous children's "ride-on" vehicles including various models of tricycles, bicycles, scooters and pedal cars.

9. From inception, KETTLER has cultivated unmistakable design features in its products. These design features have been used consistently throughout its course of business.

10. As a direct result of its innovative and distinctive design, KETTLER products have been a remarkable success, and their colors and overall design have immediately become uniquely associated with KETTLER as their source. The KETTLER product designs have come to represent and symbolize the superb quality of KETTLER's products and enjoys substantial goodwill among consumers.

11. KETTLER's children's "ride-on" vehicles, which have won numerous awards, are sold in many countries all over the world, including the United States. KETTLER Int. is a United States distributor of KETTLER products and is presently the sole owner of the patents-in-suit.

12. KETTLER previously obtained patents covering various features of its tricycles in countries throughout the world, including U.S. Patent No. 6,378,884 (the "'884 patent"), which issued in the United States on April 30, 2002.

13. U.S. Patent No. 7,487,988 (the "'988 Patent") issued on February 10, 2009 from a continuation of application of U.S. Patent No. 7,156,408 (the "'408 patent"), which issued on January 2, 2007 from a U.S. continuation application of parent U.S. Patent No. 6,799,772 (the "'772 patent"), which, in turn, issued on October 5, 2004 from a U.S. continuation application of the '884 patent. The '988 Patent, the '408 Patent, the '772 Patent, and the '884 Patent are directed to a vehicle steering head, limited turn system, and/or steering lock system and were

duly and legally issued to KETTLER and subsequently duly and legally assigned to KETTLER Int.

14. U.S. Patent No. 8,201,840 (the "'840 Patent") issued to KETTLER Int. on June 19, 2012 from a continuation of the '988 Patent.

15. U.S. Patent No. 8,511,701 (the "'701 Patent") issued to KETTLER Int. on August 20, 2013 from a continuation of the '840 Patent.

16. U.S. Patent No. 8,950,770 (the "'770 Patent") issued to KETTLER Int. on February 10, 2015 from a continuation of the '701 Patent.

17. U.S. Patent No. 9,643,681 (the "'681 Patent") issued to KETTLER Int. on May 9, 2017, from a continuation of the '770 Patent.

18. True and correct copies of the '840 patent, '772 patent, '770 patent, '701 patent, '681 patent, and the '408 patent are attached hereto as **Exhibits 1, 2, 3, 4, 5, and 6**, respectively, and are collectively referred to herein as the "patents-in-suit."

19. KETTLER Int., including by virtue of the written assignment dated September 1, 2010, is presently the sole owner and exclusive holder of, and currently owns all rights, title, and interest in and to, all of the above referenced patents, including the right to exclude others from making, using, offering for sale, or selling the invention disclosed in each of these patents, including but not limited to the right to sue for all past and future infringement and to bring this action for damages and other relief.

20. The patents-in-suit contain claims covering, among other things, a vehicle steering head, a limited turn system, and/or a steering lock system which can, among other things, prevent a child user from over-steering the vehicle and which allows an adult to lock the front wheel of a vehicle in a straight position.

**B. Defendants Infringed Upon Kettler Int.'s Patents**

21. Upon information and belief, Defendants copied the vehicle steering head, the limited turn system and/or the steering lock system used on one or more of KETTLER Int.'s trike models, and used such copied systems in a number of Defendants' trike models, including but not limited to Little Tikes 4-in-1 Basic Edition Trike in pink (Product No. 634307), Little Tikes 4-in-1 Basic Edition Trike in blue (Product No. 634314), Little Tikes 4-in-1 Trike – Primary (Product No. 627354), Little Tikes 3-in-1 Trike with Deluxe Acc (Product No. 625565), Little Tikes Pack 'n Go 3-in-1 Trike (Product No. 645747), Little Tikes Perfect Fit 4-in-1 Trike in teal (Product No. 63895). Little Tikes Perfect Fit 4-in-1 Trike in blue (Product No. 643705), and Little Tikes Perfect Fit 4-in-1 Trike in pink (Product No. 639654) (collectively referred to as the "products-in-suit").

22. Upon information and belief, some or all of the products-in-suit are manufactured abroad and imported into the United States by Defendants.  Upon information and belief, MGA imports and sells the products-in-suit as a United States distributor of Little Tikes' tricycles, including to some of KETTLER Int.'s long time customers, and holds a license from Little Tikes to affix the Little Tikes trademark onto the infringing products-in-suit.

23. Defendants have imported, distributed, sold and offered for sale, and continue to import, distribute, sell, and offer for sale, tricycle models, through certain retailers and over the Internet, which include a limited turning system and/or locking device that infringes the patents-in-suit.

24. KETTLER Int. has been damaged by Defendants' unauthorized use, adoption, appropriation and/or copying of KETTLER Int.'s patented technology.

**C. Defendants Had Actual Knowledge of Kettler Int.'s Patents Since at Least 2009**

25.     Additionally, Defendants know and/or have known of the patents-in-suit and the subject matter of the patents-in-suit for over a decade.

26.     Prior litigation occurred between KETTLER Int., MGA, and Little Tikes in the cases styled *KETTLER International Inc., et al. v. The Little Tikes Comp., Inc., et al.,* Case No. 2:09cv500-RGD-FBS (E.D. Va.) (hereinafter referred to as the "2009 Case").

27.     The 2009 Case specifically involved infringement allegations related to the '988 patent, '884 patent, '772 patent, and the '408 patent. The 2009 Case contained claims of patent infringement covering, among other things, a vehicle steering head, a limited turning system, and a steering lock system which can prevent a child user from over-steering the vehicle and allow an adult to lock the front wheel of a vehicle in a straight position.

28.     The parties settled the 2009 Case by way of a Mutual Settlement Agreement and Release (the "Agreement"), dated March 25, 2010.

29.     Pursuant to Section 2.3 of the Agreement, Defendants agreed not to sell, offer to sell, or advertise any of the Accused Products as defined in the Agreement after May 30, 2010.

30.     Upon information and belief, some or all of the products-in-suit contain the same, or substantial similar, technology infringing KETTLER Int.'s patents-in-suit as used in the Accused Products identified in the Agreement.

31.     Upon information and belief, Defendants have breached and continue to breach the terms of the Agreement by selling, offering to sell, or advertising the products-in-suit and are thus liable for damages in an amount to be proved at trial.

32.     Further, despite having knowledge of past infringement allegations and despite having previously settled similar, if not identical, claims related to Defendants' conduct,

6

Defendants, yet again, have imported, distributed, sold and offered for sale, and continue to import, distribute, sell, and offer for sale the products-in-suit which infringe the patents-in-suit.

33. Upon information and belief, MGA and Little Tikes knew or should have known that the products-in-suit infringe the patents-in-suit and have willfully infringed the valid intellectual property of KETTLER Int. and are thus liable for damages or lost profits in an amount to be proved at trial and for that amount to be trebled.

## COUNT I – Patent Infringement
### (All Defendants)

34. KETTLER Int. incorporates herein and realleges, as if fully set forth in this paragraph, the allegations in the foregoing paragraphs.

35. The patents-in-suit contain claims covering, among other things, a vehicle steering head and limited turn system, which can, among other things, prevent a child user from over-steering a vehicle (like a tricycle) and which allows an adult to lock the front wheel of a vehicle (like a tricycle) in a straight position.

36. The claims cover infringing products manufactured, imported, marketed, offered for sale and/or sold by Defendants in the United States.

37. Defendants have manufactured, imported, distributed, sold and offered for sale, and continues to import, distribute, sell, and offer for sale, tricycle models, through certain retailers and over the Internet, which include a limited turning system and/or steering lock that infringes the patents-in-suit.

38. Defendants have in the past and continues to make, use, sell, and/or offer for sale in the United States, and/or import in the United States, products that directly and/or indirectly infringe one or more of the claims of the patents-in-suit by one or more trikes or tricycles made,

used, offered for sale, sold and/or imported by Defendants in violation of 35 U.S.C. § 271(a), (b), (c), and/or (g).

39. One or more claims of the patents-in-suit is infringed by one or more of the products-in-suit. Specifically, upon information and belief, Defendants have infringed and are presently infringing at least claim 62 of the '408 Patent, claims 1-3, 5-9, 21, 24, 25, 31, 33, 36, 41-44, 46-48 and 50-51 of the '840 Patent, claims 13, 17, 24-26, 34-38 of the '701 Patent, claims 8, 9, 11, 13-16, 21-25, 29-37, 39, 40, 42, 43, 45-47, 48-50 and 57 of the '770 Patent, claims 1-5, 7-11, 12-14, 16-23, 34-37 of the '681 Patent, claims 1, 5, 8-11, 20 and 34-37 of the '817 Patent, and claims 31 and 42 of the '772 Patent literally and/or under the doctrine of equivalents, by making, having made, using, selling, offering for sale, and/or importing, without authority, products, including but not limited to a limited turn system used on one or more of the tricycle models manufactured, sold, offered for sale, and/or imported, etc., by Defendants.

40. Defendants have also contributed to and/or induced, and will continue to contribute to and/or induce, the infringement of the patents-in-suit by others in this district and elsewhere in the United States, with the direct infringement being accomplished by retailers who purchase and resell the accused product, as well as consumers who purchase the products-in-suit.

41. KETTLER Int. has been and continues to be damaged by Defendants' unauthorized use, adoption, appropriation and/or copying of KETTLER Int.'s patented technology.

42. On information and belief, Defendants know and/or have known of the patents-in-suit and the subject matter of the patents-in-suit.

43. Upon information and belief, Defendants knew or should have known that the above mentioned products-in-suit infringe the patents-in-suit and have willfully infringed the

valid intellectual property of KETTLER Int., thus Defendants are liable for damages or lost profits in an amount to be proved at trial and for that amount to be trebled.

44. Defendants have made, used, offered to sell, and/or sold in the United States, and/or imported into the United States, trikes or tricycles covered by one or more claims of the patents-in-suit, without KETTLER Int.'s authorization.

45. Defendants continue to make, use, offer to sell, and/or sell in the United States and its territories, and/or import into the United States and its territories, trikes or tricycles covered by one or more claims of the patent-in-suit, without KETTLER Int.'s authorization.

46. Defendants do not have a license to make, use, sell, offer for sale or import products which incorporate the technology which infringes the patents-in-suit.

47. Defendants' infringement of the patents-in-suit has been, and continues to be, willful.

## COUNT II – Breach of Contract
**(All Defendants)**

48. KETTLER Int. incorporates herein and realleges, as if fully set forth in this paragraph, the allegations in the foregoing paragraphs.

49. Little Tikes and MGA were parties to the Agreement signed by the parties on March 26, 2010.

50. The Agreement is a valid and legally enforceable contract.

51. The parties made certain representations in Section 2 of the Agreement.

52. Pursuant to Section 2.3 of the Agreement, Little Tikes and MGA agreed that Little Tikes and MGA would not sell, offer to sell, or advertise any of the Accused Products after May 30, 2010.

53. Some or all of the products-in-suit contain the same, or substantially similar, technology infringing KETTLER Int.'s patents-in-suit as used in the Accused Products identified in the Agreement covering, among other things, a vehicle steering head, a limited turning system, and a steering lock system. the same, or substantially similar,

54. Defendants have manufactured, imported, distributed, advertised, sold and offered for sale, and continue to import, distribute, sell, and offer for sale, through certain retailers and over the Internet, the products-in-suit, which contain the patented technology in direct contravention of the terms contained in the Agreement.

55. Little Tikes and MGA have materially breached, and continue to materially breach, the Agreement by selling, offering to sell, and/or advertising the products-in-suit.

56. Defendants' actions constitute a material breach of the Agreement, and they have caused and continue to cause KETTLER Int. to suffer significant damages in an amount in an amount to be proven at trial and not less than $75,001.

57. KETTLER Int. is entitled to judgment in its favor and against Defendants for actual damages and compensatory damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff KETTLER International, Inc., prays for the following relief and seek a judgment against Defendants:

1. Awarding judgment in favor of KETTLER Int. on all counts of the Complaint;

2. Declaring that Defendants have infringed the '840 patent, '772 patent, '770 patent, '701 patent, '681 patent, and the '408 patent;

3. Declaring that Defendants, their agents, servants, employees, representatives, attorneys, related companies, successors, assigns, and all others in active concert or participation

with Defendants be preliminarily and permanently enjoined and restrained from further infringing the patents-in-suit pursuant to 35 U.S.C. § 283;

4. Awarding KETTLER Int. damages for Defendants' infringement of the patents-in-suit;

5. Declaring KETTLER Int. is entitled to a reasonable royalty in accordance with 35 U.S.C. § 154(d).

6. Awarding KETTLER Int. royalty and lost-profit based damages for Defendants' infringement of the patents-in-suit;

7. Awarding KETTLER Int. a reasonable royalty in accordance with 35 U.S.C. § 154(d).

8. Declaring that Defendants' infringement of the patents-in-suit is and has been willful;

9. Awarding KETTLER Int. increased damages in the amount of three times the damages found or assessed in accordance with 35 U.S.C. § 284;

10. Declaring the case exceptional and awarding KETTLER Int. its costs and attorney fees in accordance with 35 U.S.C. § 285;

11. Requiring Defendants to provide a full accounting of all tricycles, trikes, ride-on vehicles, and all other product(s) which infringe the patents-in-suit, including but not limited to the products-in-suit;

12. Ordering Defendants to recall all infringing products, including but not limited to the products-in-suit, in the U.S. and its territories, which have not been sold and/or shipped to consumers from all retailers, re-sellers and shippers, and others in possession of such products;

13. Declaring Defendants have breached the Agreement;

14. Entering judgment in favor of KETTLER Int. and against Defendants as to Count II, including awarding KETTLER Int. actual and compensatory damages in amount to be proven at trial and no less than $75,001; and

15. Awarding KETTLER Int. such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rules of Civil Procedure 38(b), KETTLER Int. hereby demands trial by jury as to all claims in this litigation.

Respectfully submitted,

KETTLER INTERNATIONAL, INC.

By: /s/ John C. Lynch
       Of Counsel

John C. Lynch, Esquire (VSB # 39267)
Ethan G. Ostroff, Esquire (VSB #71610)
TROUTMAN PEPPER HAMILTON SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, VA 23462
Telephone: (757) 687-7765
Facsimile: (757) 687-1504
E-mail: john.lynch@troutmansanders.com
E-mail: ethan.ostroff@troutmansanders.com

*Attorneys for Plaintiff KETTLER International Inc.*

116694342v1